UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:11-CV-416-JD-CAN |
| | ) |
| KATHY L. BIRTWHISTLE, *et alia*, | ) |
| | ) |
| Defendants. | ) |

## **DEFAULT JUDGMENT**

Now before the Court is plaintiff United States of America's Motion for Entry of Default Judgment [DE 11] against Defendants Kathy L. Birtwhistle; Cach, LLC, of Colorado; Capital One Bank, USA, and Community Hospital of Bremen. The Motion for Default Judgment was filed on December 10, 2012, and it is hereby granted.

## **BACKGROUND**

On or about March 2, 1999, Defendant Kathy L. Birtwhistle ("Birtwhistle") executed and delivered a promissory note ("the Note") in the amount of $73,200.00 [DE 1 ¶ 1] to Plaintiff, the United States of America ("United States"), acting through the United States Department of Agriculture Rural Housing Service. Britwhistle then secured the Note through a mortgage ("the Mortgage") on her real property in Marshall County, IN. [DE 1 ¶ 2]. On the same day, Birtwhistle and the United States entered into a Subsidy Repayment Agreement [DE 1-3], under which the United States agreed to defer a portion of the accruing interest so long as Birtwhistle did not default. But in the event of a default, the credited interest becomes due as an *in rem* charge. *Id*. The Complaint alleges that Birtwhistle then defaulted on the Note, and the United States is the holder

1

of the Note and the Mortgage. [DE 1 ¶ 3]. Neither Birtwhistle, Cach, LLC, of Colorado, or Capital One Bank, USA, filed an appearance or answered the complaint.

In this motion, the United States seeks a default judgment finding that the United States is entitled to (1) a judgment in the amount alleged in the complaint [DE 1 ¶ 6]; (2) a finding that the mortgage is a valid, first and subsisting lien on the real property noted above superior to all claims, liens, or interests that have or may be asserted against the real property by Birtwhistle; (3) a finding that the equity of redemption and interest in the real property is barred and foreclosed; and (4) an order that the real property should be sold by the U.S. Marshal and the sale of the proceeds should be applied to the indebtedness due to the Government, with any surplus paid to the Clerk subject to further order. In support of its damages claim, the Government submits an affidavit from Suzanne Starko, an employee of the United States Department of Agriculture.[1] It also earlier submitted the relevant loan documents with the Complaint. [DE 1-1; DE 1-2; DE 1-3].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under FRCP 55(b)(2), there must be an entry of default as provided by Federal Rule of Civil Procedure 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D.Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd.*

---

[1] In the original Complaint, the Government asked for a judgment of $156,013 (*in personam* in the amount of $62,834.22 and *in rem* in the amount of $93,179.20), as well as accruing interest of $10.36 per day from July 8, 2011. [DE 1 at 3]. However, in the United State's Motion for Entry of Default Judgment, accompanied by Suzanne Starko's affidavit, the Government asked for $68,410.81. The United States is the master of its own requested relief, and the Court will only award what is requested. In this case that means the later, smaller amount.

*of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. [DE 7]. Accordingly, the Court may now enter a default judgment under FRCP 55(b)(2). However, the Court must exercise its discretion in issuing a default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evidenced by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence" *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

In the present case, the Defendant has "exhibited a willful refusal to litigate the case properly," based upon its "continuing disregard" and failure to "exercise even a minimal level of diligence." *Id*. Capital One Bank, USA; Cach, LLC, of Colorado; Kathy L. Birtwhistle and Community Hospital of Bremen were served with a copy of the Summons and Complaint on October 27, 2011. [DE 2]. Not even the clerk's entry of default on June 25, 2012 [DE 8] has prompted a reply.[2] Thus, default is not based on a simple technicality, and there is no apparent reason why the Court should not proceed to considering a default judgment in favor of the Plaintiff.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). All well-pleaded allegations of the complaint will be taken as true. *Id*. In this case, the Court must take as true the United States' assertion that Birtwhistle defaulted on the Note; that the Note is secured by the Mortgage; that the United States holds the Note and the Mortgage; and that the United States' interest is prior and paramount to the interests of all other parties in the action. Still, while the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the

---

[2] While Community Hospital of Bremen filed an appearance on November 8, 2011, it never filed a response to the complaint. [DE 3].

3

amount of damages must still be proved. *Id*. As a result, when considering a motion for default judgment, a court often must hold a hearing to determine damages. *O'Brien*, 998 F.2d at 1404. But if the damages are "capable of ascertainment from definitive figures contained in documentary evidence or detailed affidavits", such a hearing is unnecessary. *Id*.

In this case, a hearing to determine the amount of the debt owed to the United States by Birtwhistle is unnecessary. The United States has provided sufficient documentary evidence for the court to determine the amount of debt owed by Birtwhistle to the United States. The United States provided the Note [DE 1-1] as an exhibit attached to the Complaint. The Note establishes the principal amount owed and puts forward the terms and conditions of the loan. Additionally, the United States has provided the Subsidy Repayment Agreement [DE 1-3] detailing the amount of recaptured interest to be paid. Finally, the total amounts owed, including the United States' calculation of the per diem interest accrual rate of $10.30/day,[3] are verified by the affidavit of Suzanne Starko, who is responsible for overseeing the servicing of the loan in question. [DE 11-1]. Therefore, the Court can, with reasonable certainty, determine the amount owed by Birtwhistle to the United States without holding a hearing to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Defendants Kathy L. Birtwhistle; Cach, LLC ,of Colorado; Capital One Bank, USA, and Community Hospital of Bremen is hereby **GRANTED**. Judgment shall be **ORDERED** in personam against the Defendant,

---

[3] Although in the original Complaint the per diem interest was calculated to be $10.36 per day.

Kathy L. Birtwhistle, in the amount of $68,410.81,[4] plus interest at the rate of $10.30 per day from June 25, 2012 until May 13, 2013, in the amount of $3,326.90 for a total of $71,737.71. The Court hereby **DECLARES** the Plaintiff's Mortgage to be a valid, first and subsisting lien on the real estate described as follows:

> Situated in the State of Indiana, Marshal County
>
> LOT NUMBER ELEVEN (11) IN NEW BREMEN ESTATES, SECTION II, AN ADDITION TO THE TOWN OF BREMEN, MARSHALLCOUNTY, STATE OF INDIANA, RECORDED IN THE OFFICE OF THE RECORDER OF MARSHALL COUNTY, INDIANA IN PLAT BOOK 1971, PAGE 7433.
>
> Commonly known as: 107 Pleasant Ct., Bremen, Indiana 46506

Further, the Court hereby **ORDERS** the Plaintiff's Mortgage on the real estate foreclosed, **BARS** all of the Defendant Kathy L. Birtwhistle's equity of redemption and interest in the real estate, and **ORDERS** the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the Plaintiff secured by the Mortgage hereby foreclosed, and with any then-remaining surplus paid to the Clerk of the Court to be disposed of as the Court shall direct.

SO ORDERED.

ENTERED:  May 13, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[4] This amount comes from the outstanding principal balance of $60,176.65, plus accrued interest in the amount of $5,564.29; advances for taxes and insurance totaling 1,967.95; advance for title search in the amount of $325.00; interest on advances in the amount of $76.92; and appraisal in the amount of $300.00.